(No. 15493.—Decree affirmed.)

FRANK R. JOHNSTON, Appellee, *vs.* FLOYD PEELER *et al.*— (JAMES A. STEELE, Appellant.)

*Opinion filed October 20, 1923.*

1. LIMITATIONS—*when rule as to possession of one tenant in common being for benefit of all does not apply.* The rule that the possession of one co-tenant is for the benefit of all until there has been a disseizin cannot be availed of by one whose claim has been adverse from its inception to the title of the party in possession, who was in possession under a deed, a partition decree and a master's deed thereunder, whereas the former's claim is based on an attachment sale of the alleged interest of one of the grantors of the party in possession.

2. CLOUD ON TITLE—*when complainant may invoke seven year Statute of Limitations.* One in possession of land by virtue of a partition decree and master's deed and who holds exclusive possession thereunder for his sole benefit for more than seven years, during which time he has paid the taxes on the land, may successfully invoke the Statute of Limitations to remove as a cloud on title an adverse claim by a creditor of one of his grantors, based on an attachment sale of the alleged interest of such grantor, where the adverse claimant had notice of the facts concerning complainant's title and possession and his claim of sole ownership.

APPEAL from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

O. R. MORGAN, for appellant.

H. A. SPANN, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This suit was a bill in equity filed by Frank R. Johnston to remove clouds from the title claimed by complainant to certain land described. After answers filed, the cause was referred to the master in chancery to take the proof and report conclusions. The master reported recommending a decree as prayed, and after overruling exceptions of defendant J. A. Steele, the chancellor entered a decree as prayed in the bill, and Steele has prosecuted this appeal.

It has been difficult for us to exactly comprehend the situation which is involved in this litigation. The abstract filed by appellant, of twenty-six pages, is not indexed, and we have been unable to find in it documentary evidence which seems to be of some importance. The facts, as near as we can understand them from the briefs and abstract, are, that R. D. Peeler originally owned the land described in the bill. He died testate in 1898 and by his will devised the land to his four sons, Daniel O., (sometimes called Otto,) Floyd, Gent and Esco, share and share alike. February 15, 1907, Daniel O. (or Otto) filed to the March term of court a bill for partition, alleging he had acquired, by deeds duly executed and recorded, the interests of his brothers Floyd and Gent, and then owned three-fourths and Esco owned one-fourth of the land. A decree for partition and sale was entered March 30, 1907, finding the interests of the parties as set up in the bill. The land was sold by the master in chancery under the decree on April 27, 1907, to Frank R. Johnston, appellee. The sale was approved and deed made to the purchaser June 24, 1907, conveying the entire title and interest in the land to appellee. He at once took possession, has occupied the land, received and appropriated all the rents and profits from it, and has paid all taxes since that time.

In January, 1900, Daniel O. Peeler conveyed his undivided interest to S. D. Peeler, describing the land as the

southwest quarter of the northeast quarter, the north half of the southwest quarter, the northwest quarter of the southeast quarter, and the north part of the southwest quarter of the southwest quarter, all in section 31 and all in one township. In 1902 S. D. Peeler conveyed his interest in the land by the same description to Gent Peeler, and February 5, 1905, Gent conveyed his interest by the same description to Otto, and February 15, 1907, Otto filed his bill for partition, claiming he owned three-fourths of the land. February 23, 1907, N. M. Uri & Co. brought an attachment suit against Gent and caused the writ to be levied on Gent's interest in all the land above described. The writ was served on Otto as garnishee, and certificate of levy was filed for record February 23, 1907. Service was had on Gent by publication. At the August term, 1907, Gent was defaulted, a jury was empaneled, the cause heard and a verdict found Gent was indebted to N. M. Uri & Co. in the sum of $440.79, and that at the time the attachment suit was begun he owned an equitable interest in the land. Judgment was rendered on the verdict and a special execution awarded against the land attached. The interest of Gent in the land was sold by the sheriff to the attaching creditor and deed issued and recorded May 16, 1908. The levy, sale and deed under the attachment suit are the clouds appellee filed his bill to remove. Appellant, Steele, who purchased from N. M. Uri & Co. for the expressed consideration of $25, claimed he was the owner of a one-fourth interest by virtue of his deed from the attaching creditor.

Counsel for appellant says when the attachment was levied, February 23, 1907, Gent owned a fourth interest in a tract of land 6 chains and 35 links wide off the north side of the southwest quarter of the southwest quarter, containing fifteen acres, and "the fee in an equitable interest of the shares or parts of Otto Peeler and Gent Peeler, which was equal, at least, to Otto's share." It has been very difficult to get a clear understanding of just what appellant

claims. It would be absurd to claim any part of the land
except an interest in the fifteen acres, for all the other land
was conveyed to and the title vested in Otto by deeds prop-
erly describing it. We therefore assume appellant's only
claim is to an interest in the fifteen acres. Some point is
attempted to be made on the affidavit of Otto in the parti-
tion suit stating he owned the shares of Gent and Floyd.
The master reported, and the decree found from the evi-
dence, that Otto owned the undivided three-fourths of the
land, and that decree has never been reversed or set aside.
It was, without question, right as to all the land as against
all the parties to the suit. When the bill for partition was
filed the attachment suit against Gent had not been begun.
It was begun eight days later, the writ was served on Otto
as garnishee and levied on Gent's interest in the land. The
attaching creditor was never made a party to the partition
suit, and the most, as we understand, that appellant can
claim is, that as to the attaching creditor's claim to Gent's
interest in the fifteen acres the decree was not binding. As-
suming that to be appellant's real contention, the record
shows Otto was the owner of the legal title to Gent's inter-
est, by deed conveying it by proper description, in all the
land except the fifteen acres. Gent conveyed his interest
in that tract to Otto, describing it as his undivided inter-
est in the north part of the southwest quarter of the south-
west quarter of section 31. The deed was intended to con-
vey all the grantor's interest in that tract and did convey
to the grantee the equitable title. The decree for partition
found Otto owned title to three-fourths of all the land and
Esco to one-fourth, and under that decree the land was sold
to appellee, who received a deed from the master June 24,
1907. At the time appellee filed the bill in this case he had
been in possession of the land, receiving the rents and profits
from it, and had paid all taxes for a period of fifteen years.
Among other things, he sets up and relies on the sixth sec-
tion of the Statute of Limitations.

Appellant contends that the attaching creditor acquired title to Gent's undivided interest in the fifteen acres and became thereby a tenant in common with appellee, and appellant, as purchaser from the attaching creditor, succeeds to the interest acquired by the creditor as a co-tenant with appellee. He then invokes the general rule that the possession of one tenant in common is for the benefit of all the co-tenants, and before the Statute of Limitations will begin to run there must be a disseizin by the tenant in possession by overt acts of such unequivocal character as to give notice that the tenant in possession claims title adversely to his co-tenant, and that a tenant in common who is in possession for the benefit of his co-tenant cannot acquire color of title in good faith which will ripen into a bar against his co-tenant under the seven-year Statute of Limitations. The claim of appellee was adverse to the title of appellant from its inception. Appellee has always claimed title to the interest of Gent under and by virtue of the sale under the decree for partition. Appellant claims title by virtue of the sale in attachment. The decree, deed to appellee, and his possession and use of the land for his sole benefit, were notice to appellant that appellee claimed title adversely to him. Appellant recognized appellee's adverse claim by purchasing from him forty acres of the land. The master's deed was good color of title. (*Sontag* v. *Bigelow,* 142 Ill. 143; *Peters* v. *Dicus,* 254 id. 379.) The record shows it was obtained in good faith. Appellant had notice that appellee claimed adversely to the title claimed by him, and in such case the Statute of Limitations operated to bar appellant's claim. *Steele* v. *Steele,* 220 Ill. 318; *Waterman Hall* v. *Waterman,* id. 569.

We think there is no merit in other contentions of appellant, and they require no discussion.

The decree is affirmed.

*Decree affirmed.*